UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID R. PRESTA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 179 ) |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) Judge Nan R. Nolan ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff David Presta filed an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act for the period after March 20, 2002. 42 U.S.C. §§ 416, 423(d). On September 21, 2006, the court remanded the case to the Administrative Law Judge ("ALJ") for further evaluation. Presta now seeks to recover his attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), arguing that the Commissioner's position in defending the decision of the ALJ was not "substantially justified." For the reasons set forth here, the application for fees is granted in the amount of $7,867.69.

## BACKGROUND[2]

Presta applied for DIB benefits on August 22, 2001, alleging that he became disabled on August 26, 2000 when both of his knees were crushed by a car at work. The Social Security Administration ("SSA") denied his application initially and on reconsideration. Following a hearing on August 21, 2003, the ALJ granted Presta's claim for benefits as to the closed period between

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] This order presumes familiarity with the court's September 21, 2006 Memorandum Opinion and Order, Docket No. 31.

August 26, 2000 and March 20, 2002, but denied any benefits after that date because he found that Presta could perform a broad range of sedentary work and was no longer disabled.

The SSA Appeals Council denied Presta's request for review, so Presta sought review of the Commissioner's decision before this court under 42 U.S.C. § 405(g). Presta argued that the ALJ's determination of his residual functional capacity ("RFC") was based on unsubstantiated evidence and an improper lay assessment of the medical record. He also claimed that the ALJ made an incorrect credibility determination, and erred by using the grids – a chart which classifies a claimant as disabled or not disabled based on the claimant's physical capacity, age, education, and work experience – without obtaining adequate testimony from a vocational expert. The court found that the ALJ did not err in determining Presta's RFC, which included a proper evaluation of Presta's subjective complaints of disabling pain. The court did find error, however, in the ALJ's reliance on the grids given Presta's combination of exertional and nonexertional limitations, and in the ALJ's failure to ask the Vocational Expert ("VE") about jobs available to a person with Presta's specific limitations. The court remanded the matter to the ALJ for further development of the record on those issues.

On December 21, 2002, Presta filed a timely application for fees in the amount of $7,347.69. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not object to the reasonableness of the specific amount requested, but challenges Presta's entitlement to fees in general. In his reply memorandum, Presta amended his fee request to include time spent preparing that document, and now seeks a total of $7,867.69.

## DISCUSSION

### A.    Standard of Review

Under the EAJA, a court may award attorneys' fees to a prevailing party in a civil suit against the government if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). It is undisputed that Presta has prevailing party status. *Schaefer*, 509 U.S. at 300.

Thus, the only issue is whether the government's position was substantially justified; that is, whether it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has held that "substantial justification" is demonstrated when the government's position is grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). In making a substantial justification determination, a court should consider both the government's litigation and pre-litigation conduct. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). Merely prevailing in a lawsuit against the government does not automatically entitle a party to fees under the EAJA. However, the government bears the burden of establishing that its position was substantially justified. *Bricks, Inc. v. U.S. EPA*, 426 F.3d 918, 922 (7th Cir. 2005).

**B.     Analysis**

In this case, the court found that the ALJ's decision to deny benefits to Presta was not supported by substantial evidence because (1) the ALJ made no determination as to whether Presta was disabled based on his strength limitations alone, and (2) the ALJ did not consult with a VE as to jobs available to a person with Presta's combination of exertional and nonexertional limitations, instead relying solely on the grids. The court now concludes that the Commissioner was not substantially justified in her position that the record contained adequate evidence to support the ALJ's findings.

In concluding that Presta was capable of performing a broad range of sedentary work, the ALJ relied on the grids. The grids, however, generally take account only of exertional limitations; i.e., impairments affecting a claimant's "ability to meet the strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing and pulling." *Fast v. Barnhart*, 397 F.3d 468, 470 (7th Cir. 2005) (quoting 20 C.F.R. § 404.1569a(b)). In this case, Presta had several severe nonexertional limitations as well, including total restrictions on climbing, balancing, kneeling,

3

crouching, crawling, and stooping. *See Haynes v. Barnhart*, 416 F.3d 621, 628 (7th Cir. 2005) (citing 20 C.F.R. § 404.1569a(c)) ("Nonexertional limitations . . . relate to such restrictions as climbing, balancing, stooping, kneeling, crouching, or work environment, among others.") The ALJ did not expressly determine whether Presta was disabled based on his strength limitations alone, as required by the regulations. *See id.* at 629 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e)(2)). Even assuming that Presta was not so disabled, moreover, the ALJ failed to ask the VE about jobs available to a person with Presta's combination of impairments. *See Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994) ("[T]his court has said that in cases where a non-exertional limitation might substantially reduce a range of work an individual can perform, the ALJ must consult a vocational expert."). Given the existing case law and regulations, the Commissioner did not have "a rational ground for thinking it had a rational ground for its action" on this issue. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

The Commissioner disagrees, arguing that Presta's nonexertional limitations did not in fact limit his ability to perform a full range of sedentary work, which generally requires no significant crouching or stooping. (Def. Resp., at 3 (citing SSR 83-10, SSR 83-14).) As noted, however, Presta cannot perform any crouching, stooping, climbing, balancing, kneeling, or crawling. Under SSR 83-14, "'a person would need to stoop occasionally (from very little up to one-third of the time, depending on the particular job)' to perform substantially all of the exertional requirements of most sedentary jobs." *Luna*, 22 F.3d at 690 (quoting SSR 83-14). The ALJ erred in failing to consult with a VE to determine whether Presta was capable of performing a full range of sedentary work, and the Commissioner was not substantially justified in defending the ALJ's decision.

The Commissioner finally suggests that an award of fees is inappropriate here because the court rejected many of Presta's arguments, and "the Court's rejection of these arguments bolsters the reasonableness of Defendant's position." (Def. Resp., at 2.) Courts have made clear, however, that "the district court is to make only one determination for the entire civil action." *Golembiewski*

*v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). In *Mallette v. Sullivan*, No. 87 C 4873, 1990 WL 19894 (N.D. Ill. Feb. 15, 1990), for example, the government argued that its position in the case was substantially justified because it prevailed on all but one of the plaintiff's four grounds for remand. *Id.* at *3. In rejecting this argument, the court explained:

> Apparently, the government is suggesting that this court adopt a rule which requires an EAJA applicant to prevail on a majority of the issues he raises in order to be awarded fees. The court, though, finds such a rule to be completely unacceptable.

*Id.* The court found that so-called "argument counting" is inconsistent with the EAJA, and that "a private plaintiff should not be penalized under the EAJA for raising colorable alternative grounds for the result he seeks." *Id.* at *4 (quoting *Holden v. Heckler*, 615 F. Supp. 686, 695-96 (N.D. Ohio 1985)). The Commissioner has not offered any basis for concluding that Presta's alternative grounds for relief were not colorable, and the court declines to find substantial justification on this basis.

## CONCLUSION

For the reasons stated above, Presta's application for fees under the EAJA is granted in the amount of $7,867.69.

ENTER:

Dated: February 28, 2007

_____
NAN R. NOLAN
United States Magistrate Judge